Good morning, Your Honor. Jill Smith for the appellant and my client, Mr. Watt, who's also here today. First, I want to address the, I want to start with the district court's order. The district court's underlying reasoning for its decision dismissing all of the claims is that the deed of trust act does not allow for a claim of pre-foreclosure damages. And that Myers did nothing wrong and that all the other claims are derivative of the acts and omissions alleged in the complaint that support our claims of violation of the deed of trust act. The court bases its reasoning primarily on the Votter case, which was a case out of the district court of Western Washington, which held that the statute, the deed of trust act, does not allow for damages claims prior to a trustee's sale. But we, there's been supplemental authority that's been issued by the Washington Court of Appeals since then, actually a very recent case which I submitted to the court, the Walker case. The Walker case specifically addresses the Votter decision where it points out that the Votter decision involved provisions of the deed of trust act that were in place prior to the 2009 amendments to that statute. And that the 2009 amendments now clearly allow for damages claims prior to a trustee's sale. The Votter case was also decided before the Washington Supreme Court's case in Bain v. Metropolitan Mortgage. And so the Walker court, that decision I believe was issued on August 5th, just a couple of weeks ago. The Walker court also disagreed with the reasonings that the court in Votter identified to support its decision. So not just that the statutes had been amended, but also the reasoning behind the decision was challenged by the Walker court. Walker affirms that the legislature recognized a pre-sale cause of action for damages and held that a borrower has an actionable claim against a trustee who by acting without lawful authority or in material violation of the deed of trust act, injures the borrower even if no foreclosure sale has occurred. And that where. What's the injury? It's the injury. We've got the Flagstar. Flagstar. I hear you say it. Flagstar is the holder of the note, right? And that the original owner transferred it to Flagstar. So where's the beef? And this is what the Walker court identified, is that if there's been damages in a case that flow from the actions in violation of the deed of trust act, those can come in as damages. The damages in this case are extensive, Your Honors. There was an attempt to foreclose on the property, which we only managed to stop by filing this case in the district court. Actually, we filed in state court. But we sought a restraining order of that sale. And by agreement of the parties, the restraining order was canceled so that we didn't actually have to get a restraining order. That's where the trustee sale ended up at this point. There's no active trustee sale at this point. So we had to file a lawsuit to stop the trustee sale. Prior to all of this legal action we're here on today, Mr. Myers had attempted for 18 months to seek a loan modification under the HAMP provisions, making home affordable, otherwise known as HAMP, and never got a decision from Flagstar. And in an attempt to save his property, he filed for bankruptcy, hoping to still continue to be able to move the loan modification process forward. Still never got an answer from Flagstar as to whether he was eligible. In the process of trying to stop the trustee sale, as the time got closer and closer to the sale, Mr. Myers worried that he was going to have to sell off all of his alpacas and he was running a thriving alpaca business on the property. So he sold off all the alpacas, business dissolved. He filed bankruptcy. I mentioned that there's been psychological damages which we can prove. Of course, we're not here at the proof stage. How does all of that flow from the complaint here? Financial distress, I understand. Psychological distress flowing from financial distress, I understand. But financial distress isn't itself a cause of action. What is it that is the basis of this complaint that's supposed to have led to those injuries? That there were fraudulent or at least illegal parties identified on the deed of trust. There's no dispute about the fact of the loan or the deed of trust or the default. What am I missing? The courts have said those are causes of action. And the fact that somebody suffers financial harm because those – What's the causation? Where's the because? I feel like I'm answering your question. Well, I haven't heard an answer, but maybe I haven't put the question very clearly yet. The allegations of this complaint, how do they lead – what's the proximate causation between the alleged misconduct identified in this complaint and the injuries which you just enumerated? If the proper parties had been identified on the recorded documents, Mr. Myers could have gone to those proper parties and sought the proper relief by trying to stop the trustee sale. Is there a dispute here? I thought it was understood that Flagstar is the holder. Okay, let me go into that because that's my next answer. Well, is Flagstar the holder? They claim to be the holder of the note, Your Honor. Fannie Mae is the owner of the note. Flagstar is simply holding the note in a custodial capacity for Fannie Mae. There's another violation right on the deed of trust itself where the deed of trust says that Flagstar is the trustee on this deed. Excel Mortgage was the lender. They're claiming that the note went directly from Excel Mortgage straight to Flagstar. If that's the case, MERS never held the note, and MERS claims to be the nominee for the beneficiary. Walker debunks that. Walker says that the deed of trust act must be strictly construed in favor of the borrower because of the relative ease with which lenders can forfeit borrowers' interest and the lack of judicial oversight in conducting nonjudicial sales. And that's Walker signing the Clem case, which is another fairly recent Washington case. So you can't have MERS. How does any of that connect to an injury suffered by your client? He's got a fraudulent deed. These parties are not who they claim to be. MERS is not the beneficiary. MERS never even held the note. Bain says if they're not the holder of the note, they can't be the beneficiary. A borrower is entitled to know who the beneficiary is on their note. If they are given false information and damages flow from that, that's Walker. So we have – How have the damages flowed from that? The damages seem to have flowed from the financial distress. The financial distress wasn't caused by the name on a document. If there's a rush to foreclose by parties who are not the proper parties to the deed, that's where the harm comes in. If the proper parties had been named, if this is Fannie Mae, it needs to say that. It needs to say, I know where you're going, you're looking for the link, but the harm is the fraud on the documents. And if the proper parties had been identified and Mr. Myers was able to approach the proper parties, there might not have been a rush to foreclosure. But the people he approached weren't the people he was supposed to approach. Aren't those the people that you would ordinarily communicate with if you're the borrower? Flagstar. No, Flagstar is not the proper trustee on this deed. Number one, they can't be both the beneficiary and the trustee. The deed says right on it, Flagstar Bank, trustee under this deed. They also claim throughout their brief and throughout this entire case that they're the holder of the note, and just by operation of law that makes them the beneficiary. Not true. Fannie Mae's the true beneficiary here. So number one, that's a clear violation of the Deed of Trust Act. It's RCW 61.24.010. Flagstar cannot be both the beneficiary and the trustee. There's just no questioning that. That's a very fundamental principle of the Deed of Trust Act. So it's a major conflict of interest, for one thing, because the trustee in Washington is supposed to be a neutral party. They are not allowed to be the beneficiary because of that. If they're the beneficiary or even an agent of the beneficiary in an agency capacity, they must uphold their duty of loyalty to the principle. And if they uphold their duty of loyalty to the principle, they can't act in a neutral and impartial manner toward the borrower, which is what's required in the Deed of Trust Act. So this is a clear violation right there. The point of a trustee when it comes to a default or foreclosure is that you should be able to contact that trustee and do some sort of a workout, loan modification, paying the past due, the arrearages, curing the default. That's the role of the trustee is to be there for the borrower to contact if they want to cure the default. You can't do that if you're also claiming to be the beneficiary because you're not a neutral party. So there's just a fundamental flaw from the outset of this deed. I mean, you know, from there we have problems with ‑‑ Could you address just briefly before you're done, and I know you want to save some time. I do want to reserve two minutes here. The estoppel argument that, in fact, this wasn't really raised as a claim in the bankruptcy and therefore you're stopped to bring it now. And I understand your argument is, well, you don't think the bankruptcy has anything to do with it. He didn't have enough information to bring a claim. So if you would comment on that. That's correct, Your Honor. Our position is the case that is controlling over this issue in the Ninth Circuit is Hamilton v. State Farm. The court in Hamilton ultimately held that Hamilton was precluded from pursuing claims because he did have actual knowledge and he didn't list those claims in the bankruptcy schedule. It was very different here. The claims that Flagstar says weren't listed in the bankruptcy schedule have to do with our claims against MERS. Well, you know, in those days, this was about four years ago, nobody knew who MERS was. Nobody, when you sit down at the closing of your loan, nobody says, by the way, here's MERS and here's what they do and just so you know. Nobody says that. And attorneys at the time didn't even know who MERS was. MERS was just sort of this party on deed that typically, you know, is not on a deed. You have a borrower, the trustee. I understand your argument. Maybe you want to save the remaining time. You have a minute and a half left. Okay. Thank you, Your Honor. Okay. Good morning. Still morning. Good morning, Your Honors. Fred Burnside. And with me is Xander Bugagas representing Flagstar Bank and MERS. Mr. Smith over here is going to be arguing for MTC Financial. So we've divided our time. Ten minutes for me, five minutes for him. What I want to do this morning is get right to the heart of the matter and address some of the points Your Honors have raised. And the real question is, as Your Honor said, where's the beef? There is no injury here. And, in fact, the last sentence of the Bain decision, which plaintiff cites, says simply designating MERS as a beneficiary on a deed of trust is not actionable injury. There's no dispute here that Flagstar held the note. Ultimately, plaintiff's briefing. We have a dispute now. They're selling us that it should be Fannie Mae. Well, no, but let's be clear about that. She's saying Fannie Mae is the owner of the note, and she's equating owner with holder. And that's a substantive legal distinction where she's just, frankly, flat wrong. And that's where In Re Veal, which we cite, says exactly that, and that's a bank's appellate panel opinion which says you can be an owner but not a holder, and vice versa. In fact, the Washington UCC expressly says, and this is 3-301 of the UCC, a person may be entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument. Same is true under Washington law. There's cases certainly saying you need not be the owner as long as you are the holder. That is the exact argument raised in the Corrales v. Flagstar Bank case, 822 F-1102 from 2010, where Judge Robart's exact same analysis. You're claiming Flagstar is the owner and has some interest, and so they can't foreclose. But there's no dispute that Fannie Mae is. There's no dispute that Flagstar holds the note. The deed of trust act defines the beneficiary as the note holder. It doesn't matter if someone else has a right to those payments. If Flagstar is a note holder, it has the right to foreclose. Full stop. So, you know, in fact, with respect to MERS, it's important to note, you know, MERS was listed as a nominee on the deed of trust for the lender and its successors and assigns. In this case, MERS's role ended on May 6, 2010. That's when it assigned its interest in the deed of trust to Flagstar. There was no foreclosure pending at that point. There was no trustee sale recorded. MERS had nothing to do with any foreclosure. It didn't foreclose. It didn't appoint a trustee. It didn't issue a notice of default. It literally did nothing but say, we're the nominee for the lender, and it's assigned, so we're going to assign that interest to the note holder. We're out of here. That's it. So MERS can't be liable for violating the deed of trust act if it didn't do anything to effectuate the foreclosure. There's no requirement that there be an assignment to foreclose. So with that background in mind, I want to also address the argument that somehow Flagstar was somehow acting wrongfully because Flagstar was originally designated on the deed of trust as a trustee, in addition to being eventually the beneficiary. The beneficiary initially was a different lender. And at pages 24 and 25 of our brief, we cite the Washington Supreme Court and court of appeals cases saying specifically that they amended the statute, and it's okay to have an agent or attorney of the beneficiary act as a trustee. That argument has squarely been rejected. Plaintiff cites nothing in response. Plaintiff's counsel spends a lot of time discussing Walker, and so I want to address Walker and juxtapose it against this case. First of all, in Walker, the court there said that the beneficiary trying to foreclose, the sole basis for the right to foreclose was a MERS assignment. And MERS is not suggesting that it has the ability to give someone the right to foreclose based on this assignment. All MERS does is assign its interest as a nominee to the note holder. And so in this case, in ER 7, Judge Layton's opinion, he says specifically, even if MERS had improperly assigned the deed, Flagstar is empowered as the beneficiary to appoint the trustee because it holds Mr. Meyer's note, not because of the assignment. And that's the same holding that Judge Kuhnhauer discussed in the Flores case, which we cite in our papers, where they say, you know, if you're trying to rely on MERS as the basis for your right to foreclose, maybe Bain speaks to that. And MERS, if it's not the note holder, isn't the beneficiary and has nothing to assign. But if your right to foreclose is tied to the note, and you being a note holder, that's a different question. And if you hold the note, you have the right to foreclose. I'd also note that there's a substantive difference in the pleading standards in Walker and in this court. And so far as Walker's chock-full of hypothetical facts that are offered on behalf of the plaintiffs that are, A, inconsistent with these facts, and, B, I don't think that in, after Iqbal and Twombly, that hypothetical facts suffice. Ultimately, at the end of the day, even if there were a claim that's allowed under Walker, and we don't think that Walker is good law, we think it's inconsistent with the Washington Supreme Court precedent, it only applies to a trustee's material violation causing prejudice. We aren't the trustee. And they've not identified any material violation. At the end of the day, a claim for wrongful foreclosure initiation must be wrongful. Here, the unrefuted evidence is Flagstar holds the note. Fannie Mae clearly owns the note and has a right to those payments. But Flagstar is a note holder. There's no dispute about that. Flagstar, well, Fannie Mae now owns the note. Flagstar is the holder of the note. Correct. As of the time of foreclosure, MERS has assigned back to Flagstar. See, all MERS has on the deed of trust, and this gets, which I'm going to get to in a second, to the argument about the judicial estoppel, but MERS is just listed on the deed of trust saying, you know what, we're going to be the limited agent for whoever holds the note. Right. Right, and so what happens is, and the real reason why MERS assigns these things is ultimately, if you want to sell property at a foreclosure sale, if you want to buy property, you need title insurance. Right. Title insurance doesn't make you an insurer unless all the bundle of stakes are with one person. So the note holder says, hey, MERS, you're our agent? Not anymore. Assign us that interest. You get all your ducks in a row, then you can foreclose. Everything is assigned back to MERS, I mean back to Flagstar. To Flagstar as the holder of the note. Right. And so that relates to the issue which I think disposes of this case, and you need not reach the other issues, which is the judicial estoppel argument, and that is plaintiff knew all of the facts essential to these claims when he filed for bankruptcy. His reply brief says the reason I filed for bankruptcy is because of these facts. He knew, obviously, the deed of trust identified MERS, and that was years before. He had already had the notice of trustee sale. He already had the notice of default. He had already seen the appointment of successor trustee. These are all the documents that he claims forms the basis for these claims. He had all the facts essential to any claim he could bring, yet did not disclose it on his bankruptcy schedules and got a discharge. That is judicial estoppel. He never, you know, it's been two and a half years since then. It's been two years since Flagstar's motion. He never sought to reopen his bankruptcy court schedules and say, I've got this claim. Never did anything like that. Judicial estoppel bars this claim. Ultimately, I think Walker just stands for the proposition that is unlead to this issue, which is if your right to foreclose is based solely on a MERS assignment, you can withstand a motion to dismiss. That doesn't speak to the bankruptcy court issues we've got here and the discharge. It doesn't speak to the fact that it's undisputed. Remind me, did the district court address the estoppel? It was brief, but the district court did not rule on that basis, Your Honor. And so we think the judicial estoppel issue, you know, bars it at the outset. And we also think that the law. How are you dividing your time again? He's getting five minutes. I've got two and a half left. Yeah. We think that the law is clear, including Washington law and the UCC, that says you need not be both the owner and the holder, that the holder is the one that has the right to foreclose. We also think any claims with respect to MERS fail as a matter of law because MERS didn't actually do anything and had no communications with the borrower. That assignment is never given to the borrower. It's never delivered to them. MERS made not one representation to this borrower. With respect to the CPA claim, which is, I think, derivative of the others, there's been no unfair or deceptive active practice, and there's certainly no causation. Any of the injuries that stem here are the result of plaintiff's default on his loan. The argument, as I understand it, is that he's eligible for a loan modification and didn't get it. There's some leap of faith in there, but didn't get it because he couldn't get a response from the right people and he wasn't entirely sure who the right people were. Why didn't he get a loan modification? A few things. One, in the record, there is – I'm not referring to it because I think the counsel below moved to dismiss from the attorney for summary judgment. There is a response letter in there, but the fact of the matter is, flag says under no obligation to modify a loan at all. There's no – Badgett v. Security State Bank, Washington Supreme Court, says a lender has zero obligation to modify a loan. And unlike the supplemental authority cited by plaintiff regarding a trial payment plan where a lender agrees and says, if you do these three things, we will modify your loan, we have no agreement here. And so ultimately what HAMP requires is a lender to provide notice to a borrower, not guarantee that they acknowledge receiving that notice, but ultimately he didn't qualify for a loan modification. Flagstar didn't modify his loan. There is no obligation to modify his loan, and so there's no harm from doing something that Flagstar had no duty to do. It's unfortunate. It's unfortunate that he defaulted. It's unfortunate he can't make his payments. But ultimately he borrowed the money, he can't pay it back, and Flagstar is entitled to real license collateral as the note holder and foreclosed on the seat of trust. Mr. Myers didn't disclose this on his bank's court schedules either, and that bars these claims. It's unfortunate, but that's the law and those are the facts. We ask you to affirm the chalkboard. Thank you. Good morning, Your Honors. Nathan Smith for MTC Financial, DBA Trustee Corps. Trustee Corps is a nonjudicial foreclosure trustee, so Trustee Corps' responsibilities with regard to this deed of trust are to foreclose the deed of trust in accordance with the Washington Deed of Trust Act, which it did in this case. Trustee Corps was appointed the successor trustee by Flagstar Bank, the holder of the note, after the deed of trust was assigned to Flagstar Bank. And Mr. Myers had knowledge that MTC Financial, DBA Trustee Corps was the nonjudicial foreclosure trustee. When he filed his bankruptcy petition, he knew that Flagstar Bank was the holder of the promissory note. He knew that Merz was named as the nominal beneficiary for Excel Mortgage, the original lender in the deed of trust, but he listed no claims against any of these entities in his bankruptcy schedules. And under 11 U.S.C. 521A1BI, it's a debtor's obligation to list all assets or liabilities in his bankruptcy schedules, and he did not do so, Your Honor. And I think it was fairly clear that he He did say and give notice that there was some dispute about who was the real party in interest, right? On Mr. Myers' Schedule D, where Mr. Myers was obligated to list his secure claims against property of the estate, he listed potential dispute, real party in interest, with regard to Flagstar Bank being listed as a secure creditor. But that may have been just that Mr. Myers didn't know who the real party in interest was, and he just wanted to make sure that the trustee was aware of that. But he could have listed that as a claim held by his bankruptcy estate as an asset. And I think that's further indicative of the fact that he may have had an idea that he had a claim, but he failed to meet his obligation. And he never sought to reopen his bankruptcy case after he obtained his Chapter 7 discharge and the case was closed. He could have done so. But the Ninth Circuit has been fairly clear, Your Honor, that when a claim is not listed in a debtor's bankruptcy schedules and the debtor obtains the benefit of a discharge under Title 11 of the United States Code, that those claims are held by the estate. Mr. Myers doesn't even have standing to raise these claims now. So I think the real issue here is not just that where's the beef, that there's no claims against Flagstar, there's no claim against MERS, there's no claim against my client, but that he doesn't even have standing to raise these issues as it is because he never listed them in his bankruptcy schedules. And he certainly could have, Your Honor. And I'll just reserve my final two minutes for me or Mr. Burnside after. Well, you know, you don't get it like a syrup bottle. You kind of have to spend it now or never. Although you don't need to take all your time either. That happens commonly. People will finish what they have to say and that will be the end. That's what I have to say. And if Your Honors have no further questions. All right. Thank you. Your Honor, can I speak to the last question you had with his remaining two minutes on the evidence? You may. Thank you very much. I would just say that the briefing in this case has made clear that Plante's contention about real party and interest was the mistaken assumption that Fannie Mae might be the real party and interest rather than Flagstar. That's not an affirmative claim or affirmative cause of action that would bring damages or things like that. It's a misunderstanding as to a legal issue that would potentially be a basis to object on state relief grants or something like that, but that's not an affirmative cause of action like the ones put here. That's all. Thank you. All right. Ms. Smith. Thank you. Your Honor, the bankruptcy court, Judge Snyder, issued a ex parte agreed order authorizing debtor and creditor to engage in mortgage loan modification discussions. Signed on November 5th, 2010, and signed for the counsel for Mr. Myers and the bankruptcy, the Chapter 7 trustee. The court specifically authorized the loan modification discussions to go forward, so I don't see how estoppel can be found in this case. Then I also want to move on to, again, Walker specifically says that language identifying Myers as, quote, acting solely as a nominee for a lender and lender's successors and assigns insufficient to establish Myers as the note holder's agent. That means not only are they not the note holder, therefore the beneficiary under Bain, that language in the deed, which is exactly what's in our deed, is insufficient to make them the note holder's agent. That is the holding in Walker. And they rejected the argument that Myers could become a beneficiary by contract, explaining that the legislature has set forth in great detail how nonjudicial foreclosures may proceed. We find no indication the legislature intended to allow the parties to bury these procedures by contract. We will not allow waiver of statutory protections lightly. And then finally, I want to just quickly say the Fannie Mae servicing guidelines state that the document custodian has custody of the note for Fannie Mae's exclusive use and benefit. That means Fannie Mae is the beneficiary. They may be the holder of the note. That doesn't solve their problem of being the trustee and the beneficiary at the same time, if in fact they are the beneficiary. But I would submit that Fannie Mae's servicing guidelines control over the Washington statute saying that the holder of the note, even if it's fraudulent, is entitled to collect on the debt. That's it. All right. Thank you. Thank you. The case just argued is submitted. We thank all counsel for your argument this morning, and we're now adjourned for the morning.
judges: Hawkins, McKeown, Clifton